UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ELIJAH STROMAN,

        Petitioner,

    v.

ELDON VAIL,

        Respondent.

CASE NO. C09-5458 FDB

ORDER ADOPTING REPORT AND RECOMMENDATION DENYING PETITION FOR HABEAS CORPUS RELIEF

The Magistrate Judge recommends that Petitioner Elijah Stroman's writ of habeas corpus be denied. Petitioner has filed objections to the Report and Recommendation.

Petitioner objects for the following reasons: (1) petitioner is entitled to an evidentiary hearing on his claim of ineffective assistance of counsel; (2) the exclusion of Petitioner's mother from the court room violated Petitioner's right to a public trial; (3) the determination that the out-of-court identification procedure was not impermissibly objective is unreasonable; (4) the determination that Petitioner's counsel was not ineffective is unreasonable, and (5) the determination that Petitioner was not denied a fair trial by prosecutor misconduct is unreasonable.

The Court is not persuaded by Petitioner's objections and adopts the Report and Recommendation. First, the Court concludes that an evidentiary hearing is not necessary on

ORDER - 1

Petitioner's ineffective assistance of counsel claim.  The record on this claim was fully addressed in the state court proceedings and the factual predicate fully developed in the trial proceedings.

The claim of denial of the right to a public trial is premised on the trial court's exclusion of Petitioner's mother from the proceedings.  Fed. R. Evid. 615 provides the trial court with the ability to exclude potential rebuttal witnesses from the proceedings.  The trial court's exclusion Petitioner's mother as a potential rebuttal witness does not deny the right to a public trial as set forth in Presley v. Georgia, --- S.Ct. ----, 2010 WL 154813, 78 USLW 4051 (January, 2010).

Concerning Petitioner's objection regarding the out-of-court identification procedure, the record clearly supports the conclusion that the mention of Petitioner's street name did not amount to a suggestive identification procedure.  The witness developed her opinion of Petitioner's appearance and identified him without connection to his street name.

Petitioner failed to show that the trial court impermissibly entered the out-of –court identification of Petitioner. Thus, the Petitioner has failed to prove that he was prejudiced by the alleged failure to suppress the evidence, which is the second prong of the test regarding ineffective assistance of counsel.  See Strickland v. Washington, 466 U.S. 668, 687-91 (1984).  Thus, Petitioner's ineffective assistance of counsel claim fails.

Finally, Petitioner has made no showing that the jury was unfairly prejudiced by any of the comments made by the prosecutor.  The prosecutor's comments were not prosecutorial misconduct and did not deprive petitioner of a fair trial.

The Court, having reviewed the petition, the Report and Recommendation of the Hon. J. Richard Creatura, United States Magistrate Judge, objections to the Report and Recommendation,, and the remaining record, does hereby find and Order:

(1) The Court adopts the Report and Recommendation;

(2) The petition for writ of habeas corpus is DENIED; and

(3) The Clerk is directed to send copies of this Order to counsel for Petitioner and to counsel for Respondent.

DATED this 16th day of February, 2010.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE